UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE PHOENIX INSURANCE COMPANY,

                              Plaintiff,

                -against-

ACCREDITED SURETY & CASUALTY COMPANY,

                            Defendant.
-------------------------------------------------------------------X

Civil Action No.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE PHOENIX INSURANCE COMPANY ("Travelers"), by its attorneys, Usery & Associates, as and for its Complaint for Declaratory Judgment against Defendant, ACCREDITED SURETY & CASUALTY COMPANY ("Accredited"), alleges upon information and belief as follows:

### Nature of the Action

1.    In this action, Travelers seeks a declaration that Accredited is obligated to defend and to indemnify SavCon, LLC. ("SavCon") and Waterbridge Court Square Holdings LLC ("Waterbridge") in connection with an underlying action asserting claims for injuries allegedly sustained by Curtis Alexander (the "Claimant"). The incident allegedly occurred on or about June 21, 2022 at a construction project located at 1 Court Square, Long Island City, New York (the "Project").

### Parties

2.    At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

1

3. Upon information and belief, at all times relevant hereto, Accredited was and is a Florida corporation with a principal place of business in Orlando, Florida.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred here.

6. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Accredited.

7. Plaintiff Travelers has no adequate remedy at law.

## The Insurance Policies

8. Travelers issued an insurance policy to SavCon providing commercial general liability coverage for the policy period July 28, 2021 through July 28, 2022 under policy no. 660-3S230478 (the "Travelers Policy").

9. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

10. Defendant Accredited issued an insurance policy to Hi-Lume Corporation ("Hi-Lume") providing commercial general liability insurance coverage for the policy period June 14, 2022 through June 14, 2023, under policy no. 1-TPM-NY-17-012642525-GL-01 (the "Accredited Policy").

11. Subject to certain terms, conditions, and exclusions, the Accredited Policy generally provides coverage for bodily injury during the policy period and is caused by an accident.

12. Upon information and belief, the Accredited Policy contains an ADDITIONAL INUSRED OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION endorsement (form no. CG 20 10 04 13) which provides, in relevant part:

> Name Of Additional Insured Person(s) Or Organization(s)
>
> As Required by Written Contract executed prior to any claim or "suit."
>
> **A. Section II - Who Is An Insured** is amended to include as additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
>     1. Your acts or omissions; or
>
>     2. The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured (s) at the location(s) designated above.

13. Upon information and belief, the Accredited Policy also contains an ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMOTIC STATUS FOR OTHER PARTIES WHEN REQUIRED IN WRITTEN CONSTRUCTION AGREEMENT endorsement (form no. CG 20 38 04 13) which provides, in relevant part:

> **A. Section II - Who Is An Insured** is amended to included as an additional insured:
>
> 1. Any person or organization for whom you are performing operations when you and such person or organization have green in writing in a contract or agreement that such person or organization be added as an additional insured on your policy; and
>
> 2. Any other person or organization you are required to add as an additional insured under the contract or agreement described in Paragraph 1. above.

3

> Such person(s) or organization(s) is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> a. Your acts or omissions; or
>
> b. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured.

## Background Facts

14. On September 13, 2021, Waterbridge, as Owner, and SavCon, as Contractor, entered into a Construction Agreement (the "Prime Contract") for certain work to be performed at the Project.

15. Pursuant to the terms of the Prime Contract, SavCon agreed to procure commercial general liability coverage naming, among others, Waterbridge, as Owner, as an additional insured.

16. Pursuant to the terms of the Prime Contract, all subcontractors are required to procure commercial general liability insurance naming, among others, Waterbridge, as Owner, as an additional insured.

17. Additionally, in the Prime Contract, SavCon agreed to defend, hold harmless, and to indemnify, among others, Waterbridge, as Owner.

18. On November 3, 2021, SavCon, as Construction Manager, and Hi-Lume, as Trade Contractor, entered into a Trade Contract Agreement (the "Subcontract") bearing number SC-21-070-14, for certain work to be performed and the Project.

19. Article 19 of the Subcontract identifies the Owner, i.e., Waterbridge, the Construction Manager, i.e., SavCon, and each of their parent companies, corporations, subsidiaries and affiliated companies, including joint ventures and partnerships, and their

respective agents, consultants, principals, members partners, directors, officers, and employees as the "Indemnitees."

20. Pursuant to the terms of the Subcontract, Hi-Lume agreed to procure commercial general liability insurance naming the Indemnitees as additional insureds on a primary and non-contributory basis.

21. On or about June 21, 2022, Claimant was working for Hi-Lume at the Project when he sustained an injury while exiting the elevator shaft where he was working.

22. Claimant states he was injured in the course of his employment with Hi-Lume.

23. By a complaint filed on or about September 6, 2022, Claimant commenced an action styled *Curtis Alexander v. Waterbridge Court Square Holdings LLC, SavCon Construction LLC, and SavCon LLC* in the Supreme Court for the State of New York, County of Bronx, Index No. 813115/2022E (the "Underlying Action"). The Underlying Action purports to assert causes of action seeking recovery for Claimant's injuries from the underlying accident against, among other, Waterbridge and SavCon based on theories of negligence and violations of the New York Labor Law.

## Tenders to Accredited

24. By letter dated March 6, 2023, Travelers tendered to Accredited on behalf of SavCon and Waterbridge seeking defense, indemnification, and additional insured status under the Accredited Policy.

25. By letter dated April 15, 2024, Travelers re-tendered to Accredited on behalf of SavCon and Waterbridge seeking defense, indemnification, and additional insured status under the Accredited Policy.

26. Accredited has provided no response to either tender.

**Travelers' Cause of Action for Declaratory Relief as Against Accredited**

27. Travelers repeats and realleges the allegations contained in paragraphs 1-26 above as if set forth here in their entirety.

28. SavCon and Waterbridge qualify as additional insureds under the Accredited Policy.

29. SavCon and Waterbridge are entitled to a defense under the Accredited Policy issued to Hi-Lume, as well as to indemnification thereunder for any verdict or judgment rendered against them in the Underlying Action.

30. Coverage provided to SavCon and Waterbridge by the Accredited Policy with respect to the Underlying Action is primary to that provided by the Travelers Policy.

31. Accredited, by its silence, has refused to provide coverage to SavCon and Waterbridge with respect to the Underlying Action.

32. Accordingly, Travelers seeks a declaration that Accredited has an obligation to defend and to indemnify SavCon and Waterbridge as additional insureds; that the coverage provided by the Accredited Policy to SavCon and Waterbridge is primary; and that the obligations of Traveelrs to SavCon and Waterbridge in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Accredited Policy.

33. In addition, Travelers seeks an award at law and in equity against Accredited for recovery of all sums Travelers has incurred in defense of SavCon and Waterbridge in the Underlying Action because the coverages provided by the Accredited Policy are primary to any coverage provided by Travelers.

**Prayer for Declaratory Relief**

Wherefore, Plaintiff Travelers prays that judgment be entered as follows:

1. Declaring the Accredited Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Accredited Policy have been complied with and met.

3. Declaring that the alleged accident and Underlying Accident fall within the coverage afforded by the Accredited Policy.

4. Declaring that Defendant Accredited owes a duty to defend SavCon and Waterbridge in connection with the Underlying Action.

5. Declaring that Defendant Accredited owes a duty to indemnify SavCon and Waterbridge in connection with the Underlying Action.

6. Declaring that Defendant Accredited's coverage obligations to SavCon and Waterbridge in connection with the Underlying Action are primary.

7. Declaring that the coverage obligations of Plaintiff Travelers under the Travelers Policy are excess and non-contributory to those of Defendant Accredited with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Accredited with respect to Accredited's duty to defend and to indemnify SavCon and Waterbridge in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant Accredited for all sums Travelers has paid and continues to pay in defending the Underlying Action.

10. Granting an award in favor of Plaintiff Travelers for the costs of suit incurred herein.

11. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   January 9, 2025

          USERY & ASSOCIATES

        By:   /s/ Amy C. Gross
           Amy C. Gross
           *Attorneys for Plaintiff The Phoenix Insurance Company*
           Direct: 917.778.6462
           Fax: 844.571.3789
           Email: acgross@travelers.com

           <u>Please address all correspondence sent by mail to:</u>
           P.O. Box 2996
           Hartford, CT 06104-2996

           <u>Physical Address</u>:
           485 Lexington Avenue, 6th Floor
           New York NY 10017